Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4647 - (00CR 989-1) | **DATE** | 7/31/2003 |
| **CASE TITLE** | USA vs. FRANCISCO RAFAELA-MORALES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. Section 2255 [1-1]. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 01 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 4 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| FRANCISCO RAFAELA-MORALES, | ) ) | 02 C 4647 (00 CR 989-1) |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant pleaded guilty to illegal reentry into the United States, 8 U.S.C. § 1326, and was sentenced to fifty-one months of imprisonment. He now moves to vacate his sentence under 28 U.S.C. § 2255 and argues that the deportation element of his crime was not fulfilled because the deportation hearing establishing that element deprived him of his constitutional right to due process. For the reasons provided below, the Court denies defendant's petition because he failed to raise this issue on direct appeal and is thereby procedurally barred from raising it collaterally here.

## FACTS

After pleading guilty to illegal reentry into the United States under 8 U.S.C. § 1326[1] pursuant to a plea agreement with the government, the Court sentenced defendant to fifty-one months imprisonment. (Sentencing Order of 7/9/01.)

---

[1] 8 U.S.C. § 1326 prohibits an alien from reentering the United States if he has been deported. The penalties under the statute are much greater if the defendant's removal was subsequent to his commission of certain classes of crimes, such as an aggravated felony. 8 U.S.C. § 1326(b).



Defendant's original deportation fulfilling the deportation element of § 1326 occurred on September 12, 1996 after a deportation hearing. (Pet'r's Mot. Vacate Sentence, at 2.) He was deported based on his conviction for aggravated battery on August 23, 1994 in Cook County, Illinois. (Resp't's Resp. Pet'r's Mot. Vacate Sentence, at 1.) He reentered this country from Mexico again in 1996, shortly after his deportation. In 1999, he was arrested by the Chicago Police and charged with robbery. (*Id.*) He was then deported again under the 1996 deportation order. (*Id.*) Defendant reentered the United States in 2000. (*Id.*) On November 28, 2000 the Chicago Police Department arrested him, and he was charged with possession of a controlled substance. (*Id.* at 3.) The United States charged him by information under 8 U.S.C. § 1326(a) and (b)(2) with unauthorized reentry into the United States after having been deported due to a conviction for an aggravated felony. (*Id.*) Defendant pleaded guilty to this charge. (*Id.*) This Court sentenced him to fifty-one months of imprisonment.

Defendant subsequently appealed his sentence. His appellate counsel moved to withdraw, claiming that he could find no nonfrivolous ground for appeal. *United States v. Rafaela-Morales*, No. 01-2907, 2002 WL 378177, at *1 (7th Cir. Mar. 7, 2002). The court gave defendant leave to respond to his counsel's motion, but defendant declined. *Id.* The court agreed that any ground for appeal would be frivolous, granted counsel's motion to withdraw and dismissed the appeal. *Id.*

## DISCUSSION

28 U.S.C. § 2255 allows a person convicted of a crime to ask for relief for "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which

2

inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). Denial of a section 2255 petition without an evidentiary hearing is proper where "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255.

In support of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255, defendant argues that his original 1996 deportation hearing violated the due process guarantees of the U.S. Constitution. Defendant argues that the immigration judge did not inform him of his right to seek a waiver of his deportation because the judge was operating under a false interpretation of the law. (Pet'r's Mot. Vacate Sentence, at 4.)

The government urges the Court to deny the petition. It argues that defendant is procedurally barred from raising this issue in a section 2255 petition because he did not raise the issue on direct appeal, or, alternatively that his argument fails on the merits because he did not have any right to waiver of his deportation order because he was never a legal resident of the United States. (Resp't's Resp. Pet'r's Mot. Vacate Sentence. at 4.) Because the Court finds that Rafaela-Morales is procedurally barred from raising the issues in his petition, the Court need not address the merits of his argument.

"[A] petition under section 2255 'will not be allowed to do service for an appeal,'" and "a district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989) (quoting Johnson v. United States, 838 F.2d 201, 202 (7th Cir. 1988)). A claim of error raised in a section 2255 petition usually must first be argued on direct appeal. *Borre*, 940 F.2d at 217. When the issues involve constitutional error, "the failure to raise issues on direct appeal bars a petitioner from

3

raising them in a section 2255 proceeding unless he or she makes a showing of good cause for *and* prejudice from that failure." *Id.* (emphasis added). To demonstrate good cause, the petitioner must show "some objective factor external to the defense" that impeded his efforts to raise the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1993).

Defendant appealed his sentence and did not raise the issue of the deportation judge's failure to advise him of his right to seek a waiver of deportation. Accordingly, he is procedurally barred from raising the issue in this petition unless he establishes good cause and prejudice for the default.

Defendant has made no attempt to show cause for his failure to raise the issue he argues here on direct appeal. In his petition, defendant explains at length why he did not appeal his 1996 deportation order at that time. (Pet. Vacate Sentence, at 10-14.) However, he offers absolutely no explanation whatsoever of why he did not raise the issue of the unconstitutionality of the immigration judge's failure to advise him of his waiver right when he appealed his sentence directly in *United States v. Rafaela-Morales*, 2002 WL 378177, at *1-2. Defendant's failure to attempt to argue good cause is sufficient to deny his petition. *See Theodorou*, 887 F.2d at 1341 (7th Cir. 1989) (rejecting defendant's explanation of why he did not raise issue on direct appeal and holding that he could not raise issue in his section 2255 petition because he offered "no plausible explanation constituting good cause why this . . . issue was not pursued in a proper procedural manner").

Moreover, this Court doubts that defendant would even be able to establish good cause for the default. The *St. Cyr* decision was decided on June 25, 2001, and would have been available to the defendant's attorney when he filed his appellate brief seven months later on January 11, 2002 and to defendant when he was invited by the appellate court to

4

respond to his attorney's motion to withdraw. Thus, Rafaela-Morales cannot argue a subsequent development of the law since his appeal.

In addition, Rafaela-Morales is not arguing and has never argued that his appellate counsel provided ineffective assistance of counsel. Although the United States Court of Appeals for the Seventh Circuit invited Rafaela-Morales to respond to his appellate counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), he chose not to do so. See Oliver v. United States, 961 F.2d 1339, 1342 (7th Cir. 1992) ("A defendant must take an interest in his own defense.") Further, nowhere in his section 2255 petition does he argue that his appellate counsel's failure to raise the issue that his deportation was fundamentally unfair and therefore could not serve as a predicate for a conviction of illegal re-entry constitutes ineffective assistance of counsel. Accordingly, because Rafaela-Morales has not established good cause for failing to raise the issues he raises here on direct appeal, his petition must be denied. *See id.* at 1341.

## CONCLUSION

For the foregoing reasons, the Court denies petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [doc. no. 1-1]. This case is hereby terminated.

**SO ORDERED**      **ENTERED:** 7/31/03

_____
**HON. RONALD A. GUZMAN**
**United States Judge**